UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES GORDON HILL,

        Petitioner,

vs.                                      Case No.:    3:16-cv-762-J-32MCR
                                                                3:07-cr-275-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER GRANTING § 2255 RELIEF AND RESENTENCING PETITIONER TO TIME SERVED PLUS 14 DAYS**

        This case is before the Court on Petitioner James Gordon Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1)[1] and the parties' "Joint Stipulation Regarding Section 2255 Motion and Resentencing" (Civ. Doc. 8).  The parties agree that Petitioner's sentence under the Armed Career Criminal Act (ACCA) is unlawful in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that the ACCA's residual clause, which formed part of the definition of a "violent felony," is unconstitutionally vague.  The parties agree that Petitioner was unlawfully sentenced under the ACCA on account of the residual clause, and that he is entitled to be resentenced.  (Civ. Doc. 8).

---

[1]     Citations to the record in the underlying criminal case, United States vs. James Gordon Hill, 3:07-cr-275-J-32MCR, will be denoted as "Crim. Doc. __."  Citations to the record in the civil § 2255 case, 3:16-cv-762-J-32MCR, will be denoted as "Civ. Doc. __."

1

In consideration of the record before the Court, the Court agrees that sentencing Petitioner as an "armed career criminal" on the basis of a statutory provision that the Supreme Court has deemed to be unconstitutionally vague was "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As such, the Motion to Vacate is due to be granted to the extent that the Court will vacate Petitioner's sentence. The Court will resentence Petitioner without applying the ACCA's 15-year mandatory minimum.

The parties further stipulate that, without the ACCA enhancement, Petitioner's advisory Guidelines range would be 51 to 63 months. (Civ. Doc. 8 at ¶ 10). Because Petitioner has been in custody since November 1, 2007, Petitioner has already served time well above his Guidelines range, and close to the ten-year maximum that would otherwise apply under 18 U.S.C. § 922(g). Thus, both parties agree to waiving a re-sentencing hearing, to waiving Petitioner's presence at a re-sentencing hearing, and to the imposition of a sentence of time-served, followed by a term of 36 months' supervised release. (Id. at ¶¶ 12-13).

The Court has no disagreement with the parties' resolution, except that it believes the Court should allow a brief amount of time to allow the Probation Office and Petitioner to make arrangements for his release. Accordingly, the Court intends to resentence Petitioner to time served, plus 14 days to allow for Petitioner and the Probation Office to prepare for Petitioner's release, followed by 36 months' supervised release.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner James Gordon Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **GRANTED** to the extent Petitioner challenges his sentence under the ACCA.

2. The Court therefore:

    a. **VACATES** the imprisonment sentence in the criminal case (Crim. Doc. 34), 3:07-cr-275-J-32MCR.

    b. The Court sentences Petitioner to time-served plus 14 days, to be released from the Bureau of Prisons on **August 18, 2016**, followed by a term of 36 months' supervised release as to both counts of conviction.

3. This Order does not affect Petitioner's adjudication of guilt on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (See Crim. Doc. 34).  All other provisions in Petitioner's Judgment in a Criminal Case (Crim. Doc. 34) remain in full force and effect.

4. The Clerk of Court is directed to enter judgment in favor of Petitioner to the extent that his sentence is vacated.  The Clerk of Court is further directed to terminate all pending motions as moot and close the file.

    **DONE AND ORDERED** at Jacksonville, Florida this 4th day of August, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
United States Marshal
Petitioner James Gordon Hill
Federal Bureau of Prisons
United States Probation Office